IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO.: 1:19-cv-20883-KMM/JB

JUAN ANTONIO CANOURA,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTIFICATION OF NINETY DAYS EXPIRING AND PLAINTIFF'S MOTION FOR AN ORDER OF ABATEMENT ON COUNT II & SUPPORTING MEMORANDUM OF LAW**

The Plaintiff JUAN CANOURA ("Plaintiff"), by and through the undersigned counsel, files this Response to the Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ("State Farm") Motion to Dismiss Counts II and III of Plaintiff's Complaint and files this Motion for an Order abating Count II of the Plaintiff's Complaint and in support states as follows.

### I.    Procedural and Factual History.

This action commenced in January 2019 as an action for uninsured motorist benefits (Count I), Fla. Stat. §624.155 claim for bad faith (Count II) and Declaratory Judgment to Determine Liability and Total Amount of Damages (Count III). On March 26, 2016, Miguel Angel Cordero Illas ("negligent underinsured driver") was driving a 1995 Ford Ranger which was owned by another individual at the intersection of State Road 25 (Okeechobee Road) and N.W. 103 Street in Hialeah, Florida. Plaintiff was lawfully operating his own vehicle at

the same time and date. Negligent Underinsured Driver's vehicle carelessly and negligently collided with the back of Plaintiff's car. Plaintiff suffered serious injuries to his head, neck, back, body and limbs as a result of the collision. Plaintiff also suffered loss of earnings and earning capacity as a result of the collision. His medical bills total in excess of $80,000 at the time Plaintiff's pre-suit demand was made to State Farm. On September 15, 2017, Plaintiff sent his pre-suit demand to State Farm for policy limits. State Farm responded with a settlement offer far below what Plaintiff was seeking. On September 5, 2018, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance alleging violations of Florida Statutes §§ 624.155(1)(b)(1) and 624.155(1)(b)(3) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY failed to cure its bad faith and over sixty (60) days has passed since the filing and service of the CRN, as required by Florida Statutes § 624.155.

On January 9, 2019, Plaintiff filed his Complaint in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County Florida ("State Court"). On March 7, 2019, State Farm filed its Answer to the Complaint in State Court, as well as a Notice of Removal to Federal Court. On March 7, 2019, State Farm filed its Motion to Dismiss Counts II and III of the Complaint in State Court.  On March 14, 2019, Plaintiff filed his Reply to Defendant's Affirmative Defenses and Motion to Strike Certain Affirmative Defenses in State Court.  The Removal was later granted and the case was removed to Federal Court.

### Count III

As for Count III, entitled "Declaratory Judgement to Determine Liability and Total Amount of Damages," Plaintiff is in agreement with Defendant and this Count may be dismissed.

### Count II

As far as Count II, Defendant asserts that Plaintiff's Count II statutory bad faith claim is premature until there is a determination of liability and damages owed to the Plaintiff and should therefore, be dismissed. However, Plaintiff moves to abate the bad faith claim pending resolution of the uninsured motorist claim. We address this argument below.

### MEMORANDUM OF LAW

**II.    Legal Standard on A Motion to Dismiss.**

A compliant need only contain a short and plain statement of the facts indicating that a cause of action exists. Fla. R. Civ. Pro. 1.1110(b). A detailed recitation of facts is unnecessary. "A complaint need only state facts sufficient to indicate that a cause of action exists and need not anticipate affirmative defenses. *Thompson v. Martin*, 530 So.3d 495, 496 (Fla.2d DCA 1988). If "the complaint properly states a cause of action upon which relief can be granted," it is not subject to dismissal as a matter of law. *Sobi v. Fairfield Resorts, Inc.*, 846 So.2d 1204, 1206 (Fla 5th DCA 2003).

In determining whether a cause of action is properly stated, the trial court "must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well pleaded allegations." *Id*. "The question for the trial court to decide is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested. *Citeron v. Osmose Wood Preserving, Inc.*, 681 So. 2d 859, 861 (Fla. 5th DCA 1996).

**A. Florida Law Is Clear That Abatement Is Preferred Over Dismissal Where A Fla. Stat. §624.155 Claim for Bad Faith Is Pled In The Same Lawsuit As A Claim For UM Benefits.**

Florida law permits an unripe Fla. Stat. §624.155 claim for bad faith to be pled in the same lawsuit as a claim for UM benefits, subject to its abatement until the damages are determined. *See Fridman v. Safeco Ins. Co.*, 185 So. 3d 1214 (Fla. 2016) (holding "our decision in Ruiz made clear that abatement is an appropriate procedural device"); *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005) (allowing abatement where coverage and Fla. Stat. §624.155 claims are filed together in the same lawsuit). The Fourth District Court of Appeals reiterated, "where a first party bad faith action is joined with a claim for UM benefits, the appropriate relief is to abate the bad faith action until liability and damages under the policy have been established." *Safeco Ins. Co. of Ill. v. Beare,* 152 So. 3d 614, 616-17 (Fla. 4th DCA 2014); *see also, e.g., State Farm Mut. Auto. Ins. Co. v. Tranchese*, 4 So. 3d 809, 810 (Fla. 4th DCA 2010) ("Where causes of action for both the underlying damages and bad faith are brought in the same action, the appropriate step is to abate the bad faith action until coverage and damages have been determined."); *Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14-cv-2717-T-30TGW, 2014 WL 6705414, *1 (M.D. Fla. Nov. 26, 2014) ("Florida courts tend to prefer abatement rather than dismissal when confronted with a premature bad *faith claim.");* *O'Rourke v. Provident Life and Acc. Ins.,* Co., 48 F. Supp. 2d 1383, 1384 (S.D. Fla. 1999) (explaining that abatement of an unripe Fla. Stat. §624.155 claim is preferred); *Norgaisse v.* Case No.: 2018-022406-CA-01 (02) 268313 Opp. to M to Dismiss G077.1005 *Allstate Fire and Cas. Ins. Co.*, No. 11-000956(14) (Fla. Cir. Ct. Broward County May 21, 2014).

### B. Judicial Efficiency Favors Abatement Over Dismissal.

Not only is abatement preferable to dismissal in this circumstance, allowing Plaintiff's Fla. Stat. §624.155 claim for bad faith to be abated serves judicial economy. State Farm does not cite a single case supporting its argument that dismissal without prejudice is preferred over abatement or that dismissal would be more judicially efficient. This is because the doctrine of abatement is "[r]ooted in notions of judicial economy . . . offer[ing] courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripe." *O'Rourke*, 48 F.Supp. 2d at 1385; *see also Gianassi v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443, *3 (M.D. Fla. Oct. 7, 2014) ("Because abatement offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe, Count II will be abated rather than dismissed."). Adjudicating both the UM claim and the Fla. Stat. §624.155 claim in the same court increases judicial efficiency because it is the insurer's handling of the UM benefits claim (i.e., did the insurer settle the UM claim when it could have and should have done so) that is at issue in the Fla. Stat. §624.155 claim. The initial trial as to the insured's total UM damages also "fixes the amount of damages in a first-party bad faith action." *GEICO Gen. Ins. Co. v. Paton*, 150 So. 3d 804, 807 (Fla. 4th DCA 2014). Plaintiffs' UM damages will be fixed in this action, so abatement serves judicial efficiency and will allow the concurrent establishment of Plaintiffs damages for their bad faith claim.

### C. Abatement, as Opposed to Dismissal, Serves the Plaintiff's Interest.

The interest of the Plaintiff is best served if Count II is abated, not dismissed. If the Court dismisses Count II of the Plaintiff's Complaint; Plaintiff will have to refile and reserve Count II as a separate lawsuit once the issue of Plaintiff's damages are determined. If the

Court dismisses Count II, Plaintiff will have to incur the additional attorney's fees and expense, as well as time and resources to file another lawsuit. This does not make sense, when the Court can simply abate Count II until a determination of Plaintiff's damages are made.

This sentiment was expressed by the lengthy dissenting opinion in *Fridman v. Safeco Co. of Illinois*, 185 So.3d 1214 (Fla. 2016) written by Judge Sawaya:

> I believe that the majority decision will open the door to mischief by <u>insurers who, with this court's precedent in hand, may sit back while the injured insured spends all of his time and effort preparing his case for trial and, after the injured insured has hemorrhaged his resources, confess judgment for policy limits and prevent the insured from proceeding to have the jury declare the full measure of his damages as a predicate for the insured's ensuing bad faith action. Then, the insured will have the arduous task of doing it all again when his bad faith action is filed</u>, only to encounter the obstacles of dismissal or abatement of the bad faith issues until the damage issue is first resolved so the jury will not be prejudiced by the bad faith evidence when determining the measure of damages inflicted on the insured by the tortfeasor.

*Id.* at 1219. (emphasis added).

The Court ultimately concluded that the trial court was correct, the 5th DCA was not, and that the insured should be allowed to quantify his damages in the forum he or she chose:

> We conclude that an insured is entitled to a jury determination of liability and the full extent of his or her damages, which may be in excess of the policy limits, in the underlying UM case, prior to litigating a first-party bad faith cause of action. This determination is then binding in the subsequent bad faith action, provided the parties have had the opportunity for appellate review of any trial errors that were timely raised. <u>An approach such as the one taken by the trial court in this case—that is, going forward with the trial, including the verdict amount in the final judgment, and reserving jurisdiction to consider a motion to amend to add the bad faith cause of action—appropriately addresses how the parties can review that jury determination of the extent of the damages for error prior to it being used in the subsequent bad faith litigation as an element of damages</u>.

*Id*. at 1229 (emphasis added).

WHEREFORE, Plaintiff Juan Canoura, respectfully requests that this Court deny Defendant, State Farm's Motion to Dismiss Count II of Plaintiff's Complaint, enter an order that Count II of the Plaintiff's Complaint be abated and allow this case to proceed and for such other relief as this Court deems just and proper.

Respectfully submitted,

**Law Offices of Diana Santa Maria, P.A**.
University Place, Suite 205C
5220 South University Drive
Ft. Lauderdale, Florida 33328
Telephone: 954 434-1077
Fax: 954 434-4462

*/s/ Diana Santa Maria*
DIANA SANTA MARIA, ESQ.
Florida Bar No. 473340
diana@santamarialaw.net
pleadings@santamarialaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic mail this 3rd day of July 2019, to counsel for Defendant at these email addresses: jonathan@bclrlaw.com; dhernandez@bclrlaw.com; and erin@bclrlaw.com.