IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO.:  1:19-cv-20883-RS

JUAN ANTONIO CANOURA,

      Plaintiff,

      v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

      Defendant.

_____/

### DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE AMOUNT OF AVAILABLE UNINSURED MOTORIST INSURANCE COVERAGE AND SUPPORTING MEMORANDUM OF LAW

The Defendant, State Farm Mutual Automobile Insurance Company (State Farm), by and through counsel, files this Motion for Partial Summary Judgment on the Amount of Available Uninsured Motorist Coverage and Supporting Memorandum of Law, and states:

**Nature of the Claim**

1.  The plaintiff, Juan Antonio Canoura ("Canoura"), filed a three-count complaint against State Farm stemming from an alleged motor vehicle accident that occurred on March 26, 2016. According to the complaint, the negligent underinsured driver, Miguel Angel Cordero Illas (the tortfeasor), negligently operated a vehicle owned by Roy Jesus Gonzalez Cruz, which collided with the vehicle that Canoura was driving.  As a result of the accident, the plaintiff alleges that he suffered

*Case No.: 1:19-cv-20883-RS*

bodily injuries and other damages.

2.  Count I is a claim for uninsured motorist benefits that the plaintiff claims are available pursuant to the insurance policy issued by State Farm.  Count II was a statutory bad faith claim. Plaintiff has agreed that this count may be abated.  [DE 22].  Count III was a count for "Declaratory Judgement to Determine Liability and Total Amount of Damages".  Plaintiff has agreed with defendant that Count III may be dismissed. [DE 22, p. 3].  Accordingly, the only relevant claim for this motion for summary judgment is the claim in count I for UM benefits.

### Summary of Argument

3.  Plaintiff purchased three automobile insurance polices from State Farm that were effective at the time of the March 26, 2016.  State Farm issued policies on plaintiff's Kia Optima, Nissan Versa Note, and a Nissan Altima.  The policy on the Kia Optima contained bodily injury limits of $100,000 per person and $300,000 per accident but contained **NO** uninsured motorist coverage.  The policy on the Nissan Versa Note likewise contained bodily injury limits of $100,000 per person and $300,000 per accident but contained **NO** uninsured motorist coverage.  The policy on the Nissan Altima contained bodily injury limits of $100,000 per person and $300,000 per accident **and contained stacking uninsured motorist coverage** in the amount of $100,000 per person and $300,000 per accident.

4. Plaintiff occupied the Versa at the time of the accident.  Plaintiff only paid a premium for stacked UM coverage on the Altima policy and **rejected** UM coverage under the Optima and Versa policies.  Under established Florida law, no matter which of the three vehicles plaintiff occupied at the time of the accident, he is entitled to a  single limit of $100,000 of UM coverage under his

*Case No.: 1:19-cv-20883-RS*

policies because he purchased stacking UM coverage on the Altima policy.  Plaintiff does not get

to aggregate any additional UM coverage limits under these circumstances.  As such, State Farm is

entitled to a partial summary judgment finding that plaintiff only $100,000 in UM coverage available

for this accident.[1]

## Undisputed Material Facts Relied Upon by State Farm[2]

5.  In the complaint, plaintiff alleges that on or about March 26, the negligent torfeasor driver,

Miguel Angel Cordero Illas, was operating a 1995 For Ranger that was owed by Roy Jesus Gonzalez

Cruz in Miami-Dade, Florida.  Complaint, pp. 1-2. [DE 1].  Plaintiff alleges he was operated his own

vehicle, when the tortfeasor negligently collided with him, causing plaintiff injuries.  Complaint, p.

2.  As a result, plaintiff sought UM benefits against State Farm in count I.  Complaint. [DE 1].

6.  Plaintiff purchased three automobile insurance polices from State Farm that were effective

at the time of the March 26, 2016.  See the **Certified Policy Record** attached hereto as Exhibit "A".

The Certified Policy Record attached the Declarations Pages for each of the three polices issued by

State Farm that were effective at the time of the March 26, 2016 accident.  See Exhibit "A".  State

Farm issued policies on plaintiff's Kia Optima, Nissan Versa Note, and a Nissan Altima.  See

Exhibit "A".  The policy on the Kia Optima (Policy Number 930 5376-D14-59E) contained bodily

injury limits of $100,000 per person and $300,000 per accident but contained **NO** uninsured motorist

---

[1] In this motion, State Farm does not seek to address the amount of damages to which plaintiff may be entitled.  That issue will remain for another day.  This motion only addresses UM coverage limits.

[2] In accordance with Local Southern District Rule 56.1, defendant filed its Statement of Undisputed Material Facts.  These facts may be referenced as well in this motion.

*Case No.: 1:19-cv-20883-RS*

coverage. See Exhibit "A". The policy on the Nissan Versa Note (Policy Number C79 7795-D01-59) contained bodily injury limits of $100,000 per person and $300,000 per accident but contained **NO** uninsured motorist coverage. See Exhibit "A". The policy on the Nissan Altima (Policy Number 946 0668-D14-59F) contained bodily injury limits of $100,000 per person and $300,000 per accident **and contained stacking uninsured motorist coverage** in the amount of $100,000 per person and $300,000 per accident. See Exhibit "A". At the time of the accident, plaintiff was driving his Nissan Versa Note. See Exhibit "B" attached (Transcript of Plaintiff's June 21, 2019 Deposition, p. 26). However, as the court shall see, no matter which of his three vehicles he was occupying at the time of the accident, plaintiff would still legally entitled to **only** $100,000 of UM coverage for his accident.

7. Plaintiff conceded that he signed UM rejection forms rejecting UM coverage under the policy that covered the Nissan Versa Note policy and under the policy that covered the Kia Optima. See Exhibit "B" at pages 30-32 (and the two signed rejection forms were attached plaintiff's deposition transcript as Exhibit 1 and Exhibit 2). The Policy Number on the 2013 Kia Optima is 940 5376-D14-59E, which matches the policy number referenced on the April 12, 2012 signed rejection form, which was originally for a Kia Soul, which was the vehicle that preceded the Kia Optima on the same policy number.[3]

---

[3] *See Liberty Mut. Ins. Co. v. Ledford*, 729 So.2d 426 (Fla. 2d DCA 1999) (an original rejection form applies to the rewrite of the related policy). See also Florida Statutes Section 627.727(1) ("When an insured or lessee has initially selected limits of uninsured motorist coverage lower than her or his bodily injury liability limits, higher limits of uninsured motorist coverage need not be provided in or supplemental to any other policy which renews, extends, changes, supersedes, or replaces an existing policy with the same bodily injury liability limits unless an insured requests higher uninsured motorist coverage in writing.")

Case No.: 1:19-cv-20883-RS

8.  The Certified Policy Record also contained a copy of Policy Form 9810A, which was issued to plaintiff for each of the three described vehicles. These polices set forth the applicable provisions for UM coverage which applied to the policies that showed UM coverage was purchased on the respective Declarations Pages. See Exhibit "A".

### Standards for Summary Judgment

9.  A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56[c]. "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996( (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396, *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994)). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen*, 83 F.3d at 1349. The Court considers the evidence and all inferences drawn therefrom in the light most favorable to the non-moving party. *See Hairston v. Gainesvill Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). On a motion for summary judgment, the materiality of facts is determined with reference to the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3 642, 646 (11th Cir. 1997).

10.  In a diversity suit, such as this one, the Eleventh Circuit applies the law of Florida, the forum state. *Ernie Haire Ford, Inc. v. Universal Underwriters Insurance Co.*, 331 Fed.Appx. 640

*Case No.: 1:19-cv-20883-RS*

(11th Cir. 2009). As this court held in *Hyman v. Nationwide Mutual Fire Insurance Co.*, 304 F.3d

1179, 1186 (11th Cir. 2002), "[W]e are required to apply Florida law to determine the meaning of the

insurance policy."

> **Where Plaintiff Purchased Stacked UM Coverage on One of the Three State Farm Policies Effective at the Time of the Accident, He Is Entitled UM Coverage Limits of $100,000 No Matter Which Car He Occupied at the Time of the Accident.**

11. As explained, plaintiff purchased three automobile insurance polices from State Farm

that were effective at the time of the March 26, 2016. State Farm issued policies on plaintiff's Kia

Optima, Nissan Versa Note, and a Nissan Altima. The policy on the Versa Nissan Versa Note

contained bodily injury limits of $100,000 per person and $300,000 per accident but contained **NO**

uninsured motorist coverage. The policy on the Kia Optima contained bodily injury limits of

$100,000 per person and $300,000 per accident but contained **NO** uninsured motorist coverage. The

policy on the Nissan Altima contained bodily injury limits of $100,000 per person and $300,000 per

accident **and contained stacking uninsured motorist coverage** in the amount of $100,000 per

person and $300,000 per accident.

12. Plaintiff occupied the Versa at the time of the accident. Plaintiff only paid a premium

for stacked UM coverage on the Nissan Altima policy and rejected UM coverage under the Kia

Optima and Nissan Versa Note policies. Under established Florida law, no matter which of the three

vehicles plaintiff occupied at the time of the accident, he is entitled to a **single limit** of $100,000

of UM coverage under his policies because he purchased stacking UM coverage on the Altima policy

only. Plaintiff does not get to aggregate any additional UM coverage limits under these

*Case No.: 1:19-cv-20883-RS*

circumstances.

13.  The case of *Swan v. State Farm Mut. Auto. Ins. Co.*, 60 So.3d 514 (Fla. 3d DCA 2011) confirms this conclusion.  In *Swan*, the claimants sought stacked UM benefits under two State Farm policies: one policy insuring the Swan's Honda that was involved in the accident; the second policy insuring the Swan's Acura. *Id.* at 515.  The Swans rejected UM coverage on the policy covering the Acura, but purchased stacked UM coverage in the Honda policy. *Id.* at 516.  The Swans argued entitlement to receive **additional** "UM benefits from the Acura policy - even though UM coverage on that policy was rejected - because the Swans purchased **stacked** UM coverage on the Honda policy." *Id.* at 516.  (Emphasis added).

14.  The *Swan* court relied on the Supreme Court's decision in *Coleman v. Fla. Ins. Guar. Ass'n*, 517 So.2d 686, 689-91 (Fla. 1988), which held that while "[t]he owner of several vehicles, by paying a single premium for [UM] coverage applicable to only one of them, secures [UM] for himself and his family while occupying the uninsured vehicles as well as the insured vehicle," the "number of uninsured motorist coverages available to be stacked should be based upon the number of coverages for which uninsured motorist premiums were paid").  As *Swan* noted, the Supreme Court, in *Coleman*, explained definitively "that the payment of a single premium for UM coverage on one vehicle secures liability insurance for the insured regardless of what vehicle the insured is driving at the time of an accident with an uninsured motorist; and, that the payment of an additional premium for UM coverage on a second vehicle provides additional UAM coverage that supplements the insurance already available under a single coverage, which can be added together with the single coverage to provide a higher payout to the insured." *Swan*, 60 So.3d at 516.

15. "The owner of several vehicles, by paying a single premium for coverage applicable to only one of them, secures coverage for himself and his family while occupying the uninsured vehicles as well as the insured vehicle." *Id.* at 517. *Swan* agreed that the number of uninsured motorist coverages available to be stacked should based upon the number of coverage for which uninsured motorist premiums were paid. *Id.* at 517. Therefore, Swan found that the claimants were **not** entitled to additional UM benefits from the Acura policy because they paid no UM premium on that policy, and actually rejected UM coverage on that policy. *Id.* at 517.

16. As in Swan, plaintiff in our case only purchased stacking UM coverage on one of his policies - the one covering the Nissan Altima. The policies covering the Kia Optima and the Nissan Versa Note simply do not contain UM coverage. In fact, plaintiff rejected UM for those two policies. Therefore, plaintiff is **not** entitled to any additional UM benefits for the Kia Optima policy or the Nissan Versa Note policy because **he purchased no UM coverage on those policies**. As noted in *Swan*, the advantage plaintiff had by purchasing stacking UM coverage on the Nissan Altima policy is that he is entitled to that level of coverage ($100,000 per person) no matter which vehicle he occupied at the time of the accident. Had he purchased **non**-stacking UM coverage on the Nissan Altima policy, he would be entitled to no UM benefits for an accident involving the Nisan Versa Note car (which rejected UM coverage).

17. Consequently, plaintiff is entitled to $100,000 of UM benefits from State Farm. While plaintiff will have to prove his damages, State Farm agrees that he has $100,000 in UM coverage - or potential benefits. State Farm is therefore entitled to a partial summary judgment ruling on this issue. The case should then proceed with plaintiff being given the opportunity to prove his damages.

*Case No.: 1:19-cv-20883-RS*

WHEREFORE, defendant, State Farm, prays that this court enter a partial summary judgment finding that plaintiff has a maximum of $100,000 of UM coverage in this case.

Respectfully submitted,

By: _____ /s/ Jonathan G. Liss _____
Florida Bar No.: 008941
**BERNSTEIN, CHACKMAN, LISS**
*Attorneys for Defendant, State Farm*
4000 Hollywood Blvd., Suite 610 North
Hollywood, Florida  33021
(954) 986-9600 - Broward
(305) 940-1900 - Dade
(954) 929-1166 - Fax
jonathan@bclrlaw.com
vbennett@bclrlaw.com
dhernandez@bclrlaw.com
erin@bclrlaw.com

## Certificate of Service

**I HEREBY CERTIFY** that on this ___1___ day of August, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, via the CM/ECF system, which concurrently served a true and correct copy hereof by e-mail to all counsel or parties of record on the Service List below.

By: _____ /s/ Jonathan G. Liss _____
Florida Bar No. 008941

*Case No.: 1:19-cv-20883-RS*

## Service List

Diana Santa Maria, Esq.
LAW OFFICES OF DIANA SANTA MARIA, P.A.
5220 S. University Drive, Suite 205-C
Fort Lauderdale, Florida  33328
Tel:   (954) 434-1077
Fax:   (954) 434-4462
diana@santamarialaw.net
pleadings@santamarialaw.net
*Attorneys for Plaintiff*

G:\WP\SF-14758\mtn partial summ judg.wpd