IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO.:  1:19-cv-20883-SMITH/LOUIS

JUAN ANTONIO CANOURA,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE AND SUPPORTING MEMORANDUM OF LAW

COMES NOW the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its undersigned counsel, and hereby files its Response to Plaintiff's Motion In Limine and Supporting Memorandum of Law, and, in support thereof, states as follows:

1. On November 1, 2019, the Plaintiff filed his Motion in Limine and Supporting Memorandum of Law (D.E. 49) attempting to preclude defense counsel and any witnesses from testifying, mentioning, directly or indirectly, regarding several matters set forth therein.

2. As a preliminary matter, Defendant has no objection and does not challenge the issues raised in the following paragraphs filed by the Plaintiff, subject to general principles of law and this Court's ruling, to wit: 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 and 16.

3    As to paragraph 3, Defendant adopts its Reply to Plaintiff's Motion To Strike Dr. Jeffrey Gelblum, M.D. As An Expert And To Exclude His Report & Memorandum of Law separately filed on November 15, 2019 (D.E. 57).

Case No.: 1:19-cv-20883-SMITH/LOUIS

4.      In Paragraph 8 of the Plaintiff's motion, the Plaintiff argues that the "Defendant should not be allowed to introduce evidence that the Plaintiff has received any reduction in outstanding medical bills; has been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to, benefits from collateral insurance coverage, services furnished without charge, compensation for time not actually worked, social security or pensions, any other governments or other entitlement benefits and medicare or medicaid benefits." Defendant reserves the right to present evidence that the Plaintiff has received reduction in his outstanding medical bills.  The Plaintiff receives medicare coverage via Preferred Care Partners Medical Group. The Court should not permit the Plaintiff to present to the jury evidence which have been written off by the providers acceptance of Medicare benefits. *Thyssenkrupp Elevator Corporation v. Lasky*, 868 So. 2d 547 (Fla. 4th DCA 2004).  In Medicare cases, courts grant pretrial motions by defense lawyers to preclude introduction of evidence of the gross amounts of medical bills at trial. A trial court errs in allowing a plaintiff "to admit into evidence bills for medical expenses for which she never incurred liability and in allowing her to recover an amount in excess of benefits paid by Medicare as an element of compensatory damages. *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004).  Furthermore, the court therein has held that when a plaintiff is covered by Medicare, it is reversible error to present to the jury medical bills in excess of what Medicare agreed to pay. *Id.* at 960.

5       In Paragraph 17 of the Plaintiff's motion, Plaintiff argues the preclusion of medical records relative to the Plaintiff's history or attributed statements regarding prior accidents contained in medical records of other treating physicians. Defendant maintains that Defendant is entitled to present such evidence at trial. The Plaintiff previously testified during his deposition that he was

Case No.: 1:19-cv-20883-SMITH/LOUIS

involved in prior accidents and sustained spinal injuries in the same areas of his body for which he is now claiming were injured as a result of the subject accident. Additionally, in the Plaintiff's sworn answers to the Defendant's interrogatories served on June 21, 2019, excerpt of which is attached hereto as **Exhibit "A"**, the Defendant noted that he was involved in two motor vehicle accidents in 1997 and 2013 and sustained injuries to his cervical, upper thoracic and lumbar spines.  In *Zenchak v. Kaeufer*, 612 So.2d 725, 726 (Fla. 4th DCA 1993), the defense questioned one of the two injured plaintiffs during cross examination about facts and circumstances pertaining to a prior motor vehicle accident that she had been involved, which involved a claim for the same part of the anatomy that was the subject matter of the litigation, and the Court properly recognized that "a Plaintiff may be properly questioned about prior lawsuits or claim for injury similar to those complaint of in the present lawsuit trial." Thus, evidence relative to the Plaintiff's history and prior accidents contained in the Plaintiff's medical reports are admissible.  In the event there are inadmissible evidence contained in any of these medical reports, the admissibility of the additional information contained in said reports will be subject to the Court's ruling.

  6  In Paragraph 18 of the Plaintiff's motion, Plaintiff further attempts to preclude evidence of other litigation.  However, as noted above, Defendant reserves the right to question the Plaintiff regarding any prior litigation regarding prior accidents or injuries that the Defendant deems necessary and relevant to the case at issue.  In *State Farm Fire & Casualty Co. v. Pettigrew*, 884 So. 2d 191, 197 (Fla. 2d DCA 2004), it was held that a plaintiff may be questioned about prior lawsuits and injuries similar to those complained of in the current litigation, as such evidence is "relevant to determining the credibility" of the testimony regarding such injuries. *Id.*  Additionally, a plaintiff may be cross-examined as to previous injuries, physical condition, and other actions for similar

Case No.: 1:19-cv-20883-SMITH/LOUIS

injuries to show that his present condition is the result of a previous condition.  *See* also *Hicks v. Daymunde*, 190 So. 2d 6 (Fla. 1st DCA 1066).  There are also circumstances where evidence specifically concerning litigation or claims by a plaintiff for a prior injury will be considered relevant to matters at issue and therefore admissible.  Thus, "a plaintiff may properly be questioned about prior lawsuits or claims for injuries similar to those complained of in the present lawsuit trial." *Zenchak*, 612 So.2d at 726. This matter would best be reserved for time of the trial and decided on a case by case basis.

      7.      In Paragraph 19 of the Plaintiff's motion, Plaintiff attempts to preclude the letter of protection relative to the medical care and treatment provided by Dr. Nicholas Suite that was presented to Dr. Suite during his deposition on the basis that same was not executed by anyone in the Plaintiff's office. However, the letter of protection, which was generated by Dr. Suite's office as he testified, was executed by the Plaintiff and that is sufficient. Florida Statute § 90.608(2) provides that "any party can attack the credibility of a witness by exposing potential bias." The Florida Supreme Court then created a broader scope of discovery in the admissibility of letters of protection during trial, in part. A letter of protection between the plaintiff and the plaintiff's treating physician when the treating physician testifies as an expert on plaintiff's behalf is relevant to show potential bias. It is axiomatic under Florida law that the more extensive the financial relationship between a party and a witness, the more likely that the witness has a vested interest in that financially beneficial relationship between the party and the witness. *Allstate Ins. v. Boecher,* 733 So. 2d. 993, 997 (Fla. 1999). The Florida Supreme Court in *Worley v. Cent. Fla. YMCA*, 228 So. 3d 18, 23-24 (Fla. 2017) also held that bias can be established by admitting letters of protection, which can demonstrate that the physician has an interest in the litigation's outcome or by providing

Case No.: 1:19-cv-20883-SMITH/LOUIS

evidence that the physician's practice was based entirely on patients covered by letters of protection. *Id.* at 23-24.

Respectfully submitted,

By:    /s/ Jonathan G. Liss
Florida Bar No.: 008941
**BERNSTEIN, CHACKMAN, LISS**
*Attorneys for Defendant, State Farm*
4000 Hollywood Blvd., Suite 610 North
Hollywood, Florida  33021
(954) 986-9600 - Broward
(305) 940-1900 - Dade
(954) 929-1166 - Fax
jonathan@bclrlaw.com
vbennett@bclrlaw.com
dhernandez@bclrlaw.com
erin@bclrlaw.com

**Certificate of Service**

**I HEREBY CERTIFY** that on this 15th day of November, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, via the CM/ECF system, which concurrently served a true and correct copy hereof by e-mail to all counsel or parties of record on the Service List below.

By:    /s/ Jonathan G. Liss
      Florida Bar No. 008941

**Service List**

Case No.: 1:19-cv-20883-SMITH/LOUIS

Diana Santa Maria, Esq.
LAW OFFICES OF DIANA SANTA MARIA, P.A.
5220 S. University Drive, Suite 205-C
Fort Lauderdale, Florida  33328
Tel:    (954) 434-1077
Fax:    (954) 434-4462
diana@santamarialaw.net
pleadings@santamarialaw.net
mercedes@santamarialaw.net
solange@santamarialaw.net
litigation@santamarialaw.net
*Attorneys for Plaintiff*

G:\WP\SF-14758\response to plt motion in limine.wpd